U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT**

2019 JUN 20  PM 2: 05

CLERK

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA    )
                            )
v.                          )    Criminal No.  2:19-cr-95-1
                            )
REBECCA BUCKLEY,            )
        Defendant           )

## INDICTMENT

The Grand Jury charges:

### Count One

Between in or about late 2015 and in or about April 2019, in the District of Vermont and elsewhere, the defendant, REBECCA BUCKLEY, and others, known and unknown, to the Grand Jury, knowingly and willfully conspired to distribute Tapentadol, a Schedule II controlled substance, and Tramadol, a Schedule IV controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C), 841(b)(2), 846)

1

Count Two

On or about September 25, 2018, in the District of Vermont and elsewhere, the

defendant, REBECCA BUCKLEY, knowingly and intentionally distributed Tapentadol, a

Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

## Count Three

On or about December 12, 2018, in the District of Vermont and elsewhere, the defendant,

REBECCA BUCKLEY, knowingly and intentionally distributed Tapentadol, a Schedule II

controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

Count Four

On or about February 27, 2019, in the District of Vermont and elsewhere, the defendant,

REBECCA BUCKLEY, knowingly and intentionally distributed Tapentadol, a Schedule II

controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

4

Count Five

Between in or about late 2015 and in or about April 2019, in the District of Vermont and elsewhere, the defendant, REBECCA BUCKLEY, and others, known and unknown to the grand jury, knowingly conspired to:

(a)     violate 18 U.S.C. § 1956(a)(1)(B)(i): to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, as alleged in Count One, the conspiracy to distribute Tapentadol, a Schedule II controlled substance, and Tramadol, a Schedule IV controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and

(b)     violate 18 U.S.C. § 1956(a)(2)(A): to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity.

(18 U.S.C. § 1956(h))

Counts Six-Nine

On or about the dates below, in the District of Vermont and elsewhere, the defendant,

REBECCA BUCKLEY, as specifically identified below, transported, transmitted, and

transferred monetary instruments and funds from a place in the United States to a place outside

the United States, with the intent to promote the carrying on of a specified unlawful activity,

specifically, as alleged in Count One, conspiracy to distribute Tapentadol, a Schedule II

controlled substance, and Tramadol, a Schedule IV controlled substance, in violation of Title 21,

United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(2), and 846.

Transactions

| Count | Date of Transaction | Transaction | Amount in U.S. dollars |
|---|---|---|---|
| Six | 10.23.2018 | Wire transfer from US Bank account #104782180343 to M.M. located outside of the United States | $1,010.00 |
| Seven | 02.13.2019 | Wire transfer from US Bank account #104782180343 to P.B. located outside of the United States | $554.00 |
| Eight | 04.16.2019 | Wire transfer from US Bank account #104782180343 to GENEX HEALTH CARE INC. located outside of the United States | $3996.33 |
| Nine | 4.18.2019 | Wire transfer from US Bank account #104782180343 to SEVENTH SKY INDIA located outside of the United States | $6352.00 |

(18 U.S.C. § 1956(a)(2)(A))

6

## Forfeiture Notice No. One

1.      The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2.      Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 846, the defendant, REBECCA BUCKLEY, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.  The property to be forfeited includes, but is not limited to, the following: proceeds in United States dollars that are located in US Bank account numbers 104782180343, 104780850277, 104780940334, and 104780739538; United States funds in the amount of gross proceeds obtained as a result of the violation, in an amount of at least $349,712.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of this court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(21 U.S.C. § 853)

7

## Forfeiture Notice No. Two

1.      The allegations contained in Counts Five, Six, Seven, Eight, and Nine of this

Indictment are hereby realleged and incorporated by reference for the purpose of alleging

forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

2.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an

offense in violation of Title 18, United States Code, Section 1956, the defendant, REBECCA

BUCKLEY, shall forfeit to the United States any property, real or personal, involved in such

offense, and any property traceable to such property.  The property to be forfeited includes, but is

not limited to, the following: all funds and credits currently held on deposit in US Bank account

numbers: 104782180343, 104780850277, 104780940334, and 104780739538; all property

constituting the subject matter of the money laundering offense for which the Defendant has

been convicted; and all property used to commit or facilitate the commission of the money

laundering offense for which the Defendant has been convicted.

3.      If any of the property described above, as a result of any act or omission of the

defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided
        without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to

the value of the above forfeitable property, pursuant to Title 21, United States Code, Section

8

853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

(21 U.S.C. § 853(p); 18 U.S.C. § 982(b)(1); 28 U.S.C. § 2461(c))

A TRUE BILL

FOREPERSON

_Christine F. Nolan_ (by JJB)

CHRISTINA E. NOLAN
United States Attorney
Burlington, Vermont
June 20, 2019

9